KEITH W. WHITE, APPELLANT, v. FERN M. WHITE, APPELLEE.

280 N. W. 2d 78

Filed June 19, 1979. No. 42373.

Vince Kirby, for appellant.

Jewell, Otte, Gatz, Collins & Domina, for appellee.

Heard before BOSLAUGH, MCCOWN, and BRODKEY, JJ., and RIST and WOLF, District Judges.

RIST, District Judge.

This is an appeal from an order nunc pro tunc entered in an action for dissolution of marriage wherein the decree of dissolution was corrected to show legal descriptions of real estate and to provide that the decree and order act as a conveyance thereof to the parties to whom the real estate was awarded and assigned.

On February 18, 1978, after trial, a decree was entered dissolving the marriage of the parties, the court taking under advisement the issue of property settlement, alimony, debts, and costs. On May 9, 1978, the court entered a further decree assigning various tracts of real estate to each of the parties and assigning to respondent wife "[t]he entire partnership interest of the petitioner [husband] in the White Grain Co. partnership." The decree subjected the latter assignment to the condition that the remaining partners shall, on or before May 31, 1978, each file his consent with the court to the substitution of the respondent as a partner in place of petitioner and waive his right to intervene in the dissolution action with reference to the partnership property. The decree further provided that if such consents and waivers were not so filed, then the partnership interest shall be assigned to petitioner and he shall be ordered to pay additional alimony in installments to the respondent, the total thereof being the value placed on the partnership interest by the court.

On May 30, 1978, the remaining partners filed their consent to the substitution of respondent as a partner and waived their right to intervene in this action

with respect to partnership property, reserving the right to withdraw the consent and waiver if the decree was modified or overruled.

Both parties filed motions for new trial in mid-May 1978, petitioner alleging in part that the trial court had erred in assigning his partnership interest to respondent. Both motions were overruled on June 5, 1978, and no appeal was taken therefrom.

On September 21, 1978, respondent filed a motion for an order nunc pro tunc to supply legal descriptions for the real estate referred to in the decree of May 9, 1978, and to provide that the decree and order nunc pro tunc act as a conveyance and transfer of the land to the parties as provided in the decree, including a description and transfer of the land included in the partnership interest in White Grain Co. The motion was heard on September 27, 1978, and order nunc pro tunc entered as prayed for.

On October 6, 1978, petitioner filed a motion for new trial alleging that the trial court had erred in sustaining the motion for order nunc pro tunc insofar as the same included the description and assignment of the real estate included in the partnership interest and that the decree and order should act as a conveyance thereof. The motion also asserted the order was contrary to the law and the evidence. This motion was overruled on October 6, 1978, and petitioner has appealed therefrom.

The record in this case consists of the transcript and a bill of exceptions setting forth the statements of counsel and the court when petitioner's motion for new trial was heard and overruled following the entry of the order nunc pro tunc. There is no record of the evidence when the action was heard on its merits or of any other hearing. The only statements of consequence in the bill of exceptions are those in which the court announced it had in fact considered all the real estate at the time of decree, which is now legally described in the order nunc pro tunc, and had con-

sidered the original decree as conveying the property as the same was assigned to the parties, but included language of conveyance in the order as a specific statement on that matter.

On appeal petitioner argues that the trial court erred in substituting the respondent as a partner in White Grain Co. and transferring the partnership interest to her, claiming that the court had no authority to do so. Respondent replies in substance that petitioner is out of time to raise this issue since the same was decided in the original decree and not appealed from, and that petitioner can now only challenge the order nunc pro tunc, not the original decree.

We find respondent's position to be correct. It is basic law requiring no citation that the original decree, not having been appealed from, governs the disposition of property therein provided for and, when final, is res judicata between the parties on the award and assignment of property contained therein. Petitioner may not now challenge it on appeal from an order nunc pro tunc. Whatever complaints or arguments petitioner wished to raise with respect to the award of the partnership interest had to be raised in an appeal from the decree itself. This was not done and petitioner is foreclosed and estopped from raising them now.

The order nunc pro tunc in this case does not enlarge the judgment and decree as originally rendered or change any rights as established in that decree. It only supplies omissions of legal descriptions of real estate which were in fact considered at the time of decree. That portion of the order relating to the decree acting as a conveyance of such interest adds nothing to the legal effect of the decree. The order, therefore, on this record was proper. See Andrews v. Nebraska State Railway Commission, 178 Neb. 799, 135 N. W. 2d 712.

Accordingly, the action of the trial court is af-

firmed. Respondent is awarded an attorney's fee of $500 with respect to this appeal, which is taxed to petitioner.

AFFIRMED.